May, 1831.
Hotchpot — Advancements*—Profits of Lands in Possession of Children during Life of Hother. — A mother tenant for life of lands, gives possession of several parcels thereof, to four of her children, respectively, to be cultivated by them for their own use, but makes them no conveyance; these children hold the respective parcels of land, as tenants at will of their mother, till her death, taking the profits to their own use, no rents being rendered or demanded: Held, they are not bound to account for these profits, and bring them into hotchpot, as an advancement, real or personal, in the division and distribution of the mother’s estate, under the statutes 1 Rev. Code, ch. 96, § 17, ch. 101, § 29.
The chancellor, in an interlocutory decree determining all matters in controversy in the cause, declared, that these profits were-not to be regarded as advancements to the *547 parties, respectively, who had enjoyed them by their mother’s permission, and that they were not bound to account for and bring them into hotchpot in the division of her estate. And upon an appeal from the decree to this court, taken by the plaintiffs below, this was the main point hero, and the only one involving any question of law.
This court concurring with the chancellor upon the question, held, That the possession and use of the land given by the mother to the four children, being permissive and precarious, could not be considered as an advancement made towards their permanent establishment in life, nor could they have converted such a right as they held into money to be applied to that purpose.
 Hotchpot — Advancements.—The principal case is cited in foot-note to Knight v. Oliver, 12 Gratt. 33; Kyle v. Conrad, 25 W. Va. 780. See monographic note on “Advancements” appended to watkins v. Young, 31 Gratt. 8Í.